KOTA v. STANDARD STEEL CAR COMPANY.

[No. 11,243. Filed November 18, 1921.]

MASTER AND SERVANT.—*Workmen's Compensation Act.*—*Appeals.* —*Bond.*—*Notice.*—*Statutes.*—Under §61 of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et ·seq.* Burns' Supp. 1918), allowing appeals to the Appellate Court for errors of law under the same terms and conditions as govern appeals in ordinary civil actions, an appellant who does not perfect a term time appeal under §675 Burns 1914, Acts 1895 p. 179, by filing bond, may perfect a vacation appeal under §681 Burns 1914, §640 R. S. 1881; but to perfect a vacation appeal notice is necessary, and where it has not been given, the Appellate Court is without jurisdiction and the appeal will be dismissed.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Frank Kota against the Standard Steel Car Company. From an order of the Industrial Board, the applicant appeals. *Appeal dismissed.*

*Philip Greenwald* and *John M. Stinson,* for appellant.
*Frank M. Cox, William J. Whinery* and *Albert N. Powell,* for appellee.

ENLOE, C. J.—The appellee herein has entered its special appearance in this cause and filed its motion to dismiss this appeal, for the reason that the same was not taken and perfected within the time allowed by the statute.

The section of the statute in question §61 of Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918) provides: "but either party to the dispute may, within thirty days from the date of the award, appeal to the appellate court for errors of law under the same terms and conditions as govern appeals in ordinary civil actions."

The sections of our statute to which reference is made, as governing appeals in ordinary civil actions are, §§675, 681 Burns 1914, Acts 1895 p. 179, §640 R. S. 1881. The former relates to what are known as "term time appeals," perfected by filing appeal bond in the lower court, etc., and has no application to the facts as disclosed by the record before us. The latter section relates to what are known as vacation appeals and provides that such an appeal may be perfected in either of two ways, viz: (a) By serving of notice *in writing upon the adverse party or his attorney, and also upon the clerk of the court* in which the case was tried, of such appeal; or (b) by procuring a transcript of the record in the cause and filing the same in the office of the clerk of the Supreme Court, and then having

such clerk *issue notice to all adverse parties* of the fact of such appeal.

Where bond is filed and an appeal prosecuted under the provisions of said §675, *supra,* no notice to the adverse party is necessary, but an appeal cannot be perfected under the provisions of said §681, *supra,* unless the notice therein required is given.

In this case no bond was filed; the appellant had a right to perfect an appeal under the provisions of §681, *supra,* if he so desired; but to perfect such appeal notice was necessary, and no notice was ever given, or attempted to be given in this case, and we are therefore without jursidiction. The motion to dismiss this appeal, upon this record, must be and is sustained.

Appeal dismissed.